UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BIBBS,<br><br>                    Plaintiff,<br><br>v.<br><br>TUKWILA POLICE DEPARTMENT, et el.,<br><br>                    Defendants. | No. C08-1620Z<br><br>ORDER |

The Court, having reviewed Plaintiff's Civil Rights Complaint, docket no. 7, Plaintiff's Proposed Amended Complaint, docket no. 18, Defendants' Motion to Dismiss, docket no. 17, Plaintiff's Opposition to Defendants' Motion to Dismiss, docket no. 19, Defendants' Reply, docket no. 20, the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, docket no. 26, and Plaintiff's Objections, docket no. 28, does hereby find and ORDER:

(1)   The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation, docket no. 26.  The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss, docket no. 17, as outlined herein.

ORDER - 1

(a) The Court DECLINES TO ADOPT the R&R's recommendation to deny Plaintiff leave to amend his complaint. Plaintiff seeks leave to amend primarily to list the names of the John Doe Defendants, namely Officer Richardson (John Doe I) and Supervisor Gurr (Supervisor John Doe II). Plaintiff also drops his Ninth Amendment claim and adds an Eighth Amendment claim and several new common law tort claims in his Proposed Amended Complaint. The R&R acknowledges that "plaintiff's proposed amended complaint, by and large, contains the same deficiencies as his original complaint." R&R at 8 n.1. There is no prejudice to Defendants in allowing Plaintiff to proceed on his amended complaint. The Court grants Plaintiff leave to amend the complaint, and treats Plaintiff's filed amended complaint, docket no. 18, as the operative complaint. The Court analyzes Defendants' Motion to Dismiss with regard to both the original and amended complaints, docket nos. 7 and 18. The Court directs the Clerk to file the Proposed Amended Complaint, docket no. 18, as the Amended Complaint.

(b) The Court ADOPTS the R&R's recommendation to dismiss the Tukwila Police Department, and DISMISSES the Tukwila Police Department from the case.

(c) The Court ADOPTS the R&R's recommendation to dismiss the Tukwila Police Chief, David Haynes, and DISMISSES Chief Haynes from the case.

(d) The Court ADOPTS IN PART and DECLINES TO ADOPT the R&R's recommendation regarding Supervisor John Doe II, who is named as Supervisor Gurr in Plaintiff's Proposed Amended Complaint. The Court DISMISSES Plaintiff's claims against Supervisor Gurr to the extent they rely solely on his alleged racial epithet; however, the Court DECLINES TO DISMISS Plaintiff's 42 U.S.C. § 1983 claim as to Supervisor Gurr based on a failure to intervene theory of liability. Plaintiff has alleged that Supervisor Gurr was present at the scene where his subordinate officers allegedly deprived Plaintiff of his constitutional rights. Specifically, Plaintiff appears to allege that Supervisor Gurr allowed Officers Jordan and Richardson to kick Plaintiff even after Plaintiff was in cuffs. Am.

ORDER - 2

1 | Compl. at 4.  Plaintiff also alleges that he asked Supervisor Gurr "why he failed allowing his
2 | officer to hurt me."  Id.  These allegations suffice to give rise to a 42 U.S.C. § 1983 claim
3 | against Supervisor Gurr.  See Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003);
4 | Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000).

      (e)    The Court ADOPTS the R&R's recommendation to dismiss Plaintiff's Ninth Amendment claim, and DISMISSES Plaintiff's Ninth Amendment claim, as plead in Plaintiff's original complaint.  The issue is now moot as Plaintiff dropped his Ninth Amendment claim in his Proposed Amended Complaint.

      (f)    The Court ADOPTS the R&R's recommendation to dismiss Plaintiff's state constitutional claims, and DISMISSES Plaintiff's state constitutional claims.

      (g)    The Court ADOPTS the R&R's recommendation to dismiss Plaintiff's common law tort claims, and DISMISSES Plaintiff's common law tort claims.

(2)    Accordingly, this action will be permitted to proceed only as to Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 and alleged against Officer Jordan, Officer Richardson (formerly plead as Officer John Doe I), and Supervisor Gurr (formerly plead as Supervisor John Doe II).

(3)    The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Mary Alice Theiler.

IT IS SO ORDERED.

DATED this 29th day of May, 2009.

                                                       Thomas S. Zilly
                                                       United States District Judge

ORDER - 3